**Ronald HAUFLE and Marjorie Haufle, Plaintiffs and Appellants,**

v.

**Brock SVOBODA, Defendant.**

**and**

**CLARK RURAL WATER SYSTEM, Defendant, Third-Party Plaintiff, and Appellee,**

v.

**LARSON TANK COMPANY, Third-Party Defendant.**

**No. 15616.**

Supreme Court of South Dakota.

Argued Aug. 31, 1987.

Decided Dec. 23, 1987.

Jack Neveaux of Randall, Parmater & Neveaux, Ltd., Wayzata, Minn., for plaintiffs and appellants; Robert K. Randall of Randall, Parmater & Neveaux, Ltd., Wayzata, Minn., and John L. Foley of Foley & Neill, Watertown, on brief.

Paul T. Barnett of Siegel, Barnett & Schutz, Sioux Falls, for defendant, third-party plaintiff, and appellee.

HENDERSON, Justice.

Plaintiffs Ronnie and Marjorie Haufle appeal from summary judgment in favor of Clark Rural Water System (Clark).

Clark is a corporation created to furnish water services in Clark County, South Da-

kota. Clark retained Universal Tank and Iron Works, Inc., to build a water tower, on land owned by Clark, near Henry, South Dakota. After construction, painting of the structure was subcontracted to Larson Tank Company (Larson). Ronnie Haufle, approximately thirty-four years old, was employed by Larson to sandblast the interior of the water tank in preparation for painting. Although he was an experienced painter, Haufle never previously used the specialized rigging system necessary to reach all points of the bowl-shaped tank. All tools and the rigging system itself were provided by Larson. A Larson employee also gave Haufle instructions on the use of the rigging mechanism.

On September 14, 1983, the first day the specialized rigging was employed, a main cable broke, causing the suspended Haufle to fall some twenty-five feet to the tank bottom. Upon impact, the rigging device struck Haufle's back, causing him injuries.

By Summons and Complaint, dated April 4, 1985, Plaintiffs Ronnie Haufle and his wife Marjorie commenced suit against Clark and Brock Svoboda, president of Larson. Clark's Third–Party Complaint against Larson was filed on May 12, 1986. Svoboda was dismissed from this action by Stipulation and Order for Dismissal executed October 17, 1986. On August 12, 1986, Clark moved for Summary Judgment which was granted on November 5, 1986. In granting Clark's Motion, the Honorable Thomas G. Ries observed "there is no genuine issue as to any material fact and that [Clark] is entitled to Judgment as a matter of law...." Haufles appeal. We affirm.

## DECISION

It appears undisputed that Larson was an independent contractor [*] engaged to paint the water tower and Plaintiff Ronnie Haufle was Larson's employee. Generally, an employer is not liable for physical harm to another resulting from acts or omissions of an independent contractor or its servants. Restatement (Second) Torts § 409 (1965). *See Blumhardt v. Hartung,* 283 N.W.2d 229, 233 (S.D.1979); *McCarrier v. Hollister,* 15 S.D. 366, 368, 89 N.W. 862, 863 (1902); 5 F. Harper, F. James & O. Gray, *The Law of Torts* § 26.11 (2d ed. 1986); Prosser and Keeton on the Law of Torts § 71 (W. Keeton ed. 1984); 1 S. Speiser, C. Krause & A. Gans, *The American Law of Torts* § 4:23 (1983); H. Reuschlein & W. Gregory, *Handbook on the Law of Agency and Partnership* § 51 (1979). However, existence of exceptions are so numerous as to prompt one expert to remark: "[T]he so-called exceptions, like a rodent consuming anaconda or python, have swallowed the so-called general rule of nonliability." 1 S. Speiser, *supra* § 4:23, at 676 (footnote omitted). *See* 5 F. Harper, *supra* § 26.11, at 77 n. 33. Haufle, attempting to avoid the embrace of the general rule, seeks to place himself, essentially, within three of the more popular exceptions to the diluted general rule of nonliability. He contends:

(1) His injuries occurred while he was engaged in an inherently dangerous activity and Clark is vicariously liable.

(2) Clark was negligent in exercising retained control over the work and is directly liable.

(3) Clark negligently failed to provide for Larson's observance of special precautions during sandblasting operations and is directly liable.

We have carefully considered Haufles' contentions, reviewed the briefs and the

---

[*] Among the many definitions of "independent contractor," this one appears in Restatement (Second) Agency § 2(3), at 12 (1958):

> (3) An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking....

This Court, in *Moritz v. C & R Transfer Co.,* 266 N.W.2d 568, 571 (S.D.1978), defined independent contractor as "one who carries on an independent business and contracts to do a piece of work according to his own methods, without being subject to the control of the employer, except as to the product or the result of the work."

Picote 881

record, and we hold that the general rule is properly applicable in this case. Clark, owner of the land, should not be held liable for harm suffered by Larson's employee, Haufle.

Affirmed. In affirming, we limit our holding to the facts which were developed below. We are not foreclosing the recognition of claims under exceptions to the general rule of nonliability in futuro. We cannot perceive, under the facts developed below, where the three exceptions Haufle is attempting to embrace himself under, can be successfully advocated here.

All the Justices concur.