Vern **RAMESBOTHAM**, Plaintiff and Appellee.

v.

**FARMERS ELEVATOR COMPANY OF JEFFERSON, South Dakota**, Defendant and Appellant.

No. 15975.

Supreme Court of South Dakota.

Considered on Briefs May 27, 1988.

Decided Aug. 31, 1988.

Phillip O. Peterson of Frieberg, Peterson & Travis, Beresford, for plaintiff and appellee.

Gary D. Blue of Blue Law Offices, Freeman, for defendant and appellant.

---

PER CURIAM.

## ACTION

Farmers Elevator Co. (buyer) appeals the trial court's grant of summary judgment in favor of Vern Ramesbotham (seller) in seller's action for interest on buyer's delayed payment for the purchase of grain under a contract. We affirm.

## FACTS

On July 22, 1980, the parties entered into a written contract whereby seller immediately delivered a specified amount of corn to buyer at an agreed price, with the payment date to be delayed to January 2, 1981. Seller performed in accordance with the contract, however, buyer failed to make the January 2, 1981, payment. In fact, buyer did not make payment until April 28, 1986.

In October 1986, seller commenced an action against buyer seeking interest on the purchase price of the grain from January 2, 1981 (the due date for payment) to April 28, 1986 (the date payment was made). The trial court subsequently entered summary judgment for seller, awarding the requested interest.

## ISSUE

Whether the trial court erred in granting summary judgment for seller?

## DECISION

At the outset, we observe the established rules governing summary judgment:

Two questions must be asked in analyzing whether summary judgment is proper. First, are there "genuine issues as to any material fact?" SDCL 15-6-56(c). Second, is the moving party "entitled to a judgment as a matter of law?" *Id.* The moving party has the burden of proof. *Hamaker v. Kenwel–Jackson Machine, Inc.*, 387 N.W.2d 515 (S.D.1986). The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968); *Trapp v. Madera Pacific, Inc.*,

390 N.W.2d 558 (S.D.1986). Thus, summary judgment is appropriate to dispose of legal, not factual questions. *Hamaker, supra.*

*Groseth Intern., Inc. v. Tenneco, Inc.*, 410 N.W.2d 159, 164 (S.D.1987). This court will affirm a summary judgment only if there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon*, 407 N.W.2d 801, 804 (S.D.1987). Further, we will affirm a trial court order granting summary judgment if any basis exists which supports the ruling. *Reutter v. Meierhenry*, 405 N.W. 2d 627, 630 (S.D.1987); *Trapp v. Madera Pacific, Inc.*, 390 N.W.2d 558, 562 (S.D. 1986); *Hamaker v. Kenwel–Jackson Machine, Inc.*, 387 N.W.2d 515, 517 (S.D.1986).

Buyer's sole contention on appeal is that a genuine issue of material fact exists concerning the essence of time in the contractual provision obligating buyer to pay seller for his grain on January 2, 1981. Buyer notes that no provision of the contract explicitly makes time of the essence in performance of the contract. Buyer further asserts that the trial court should have allowed it to present evidence to a jury concerning custom and dealing in the grain industry relating to payments for grain as bearing upon the issue of the essence of time in payment of seller for his grain.

Buyer relies on the provisions of SDCL 53–10–3 which provide that, "[t]ime is never considered as of the essence of the contract, unless by its terms expressly so provided." Seller, on the other hand, relies on SDCL 57A–2–301 (UCC § 2–301) which provides that "[t]he obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." While the respective positions of the parties raises an apparent conflict between those statutory provisions we deem it unnecessary to resolve any conflict under the factual situation of this case. Even if we assume, without deciding, that time was not of the essence with respect to this agreement, we find that the trial court appropriately entered summary judgment for seller.

Where time is not of the essence in performance of a contractual obligation, the obligation must be performed within a "reasonable" time. *See Wolken v. Wade,* 406 N.W.2d 720, 724 (S.D.1987); *Pederson v. McGuire,* 333 N.W.2d 823, 825–826 (S.D. 1983); *See also Keller v. Hummel,* 334 N.W.2d 200, 203 (N.D.1983); *Tower City Grain Co. v. Richman,* 262 N.W.2d 22, 24 (N.D.1978); *Farmers Elevator Co. v. David,* 234 N.W.2d 26, 32 (N.D.1975) (rule applied to payment obligations in sales contracts and to grain contracts). Under this rule, even if time was not of the essence in buyer's payment obligation of January 2, 1981, buyer was still required to make payment within a "reasonable" time.

In the usual case, the reasonableness of the time in which buyer paid seller for his grain would also present an issue for fact for a jury. *See Keller,* 334 N.W.2d at 203; *Tower City Grain Co.,* 262 N.W.2d at 24; *Farmers Elevator Co.,* 234 N.W.2d at 30. However, where the evidence is such that reasonable men can draw but one conclusion from facts and inferences, they become a matter of law. *Mitchell v. Ankney,* 396 N.W.2d 312, 313 (S.D.1986); *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19, 22 (1968). In this instance, the fact is undisputed that buyer delayed for over five years in payment of a contractual obligation in excess of $12,000. In and of itself this evinces a manifestly unreasonable delay and convinces us that reasonable minds would not differ in concluding that buyer's delay was unreasonable. As a result, we conclude as a matter of law that buyer's delay was unreasonable.

Buyer seeks to excuse its delay in performance on the basis that it paid seller for the grain as soon as seller demanded payment. However, the general rule is that demand is not a prerequisite to performance of a contractual obligation unless demand is required by the terms of the contract or the peculiar nature thereof. 17 AmJur2d Contracts § 356 (1964); *Cole v.*

*Findley Tool and Die Co.,* 290 Mich. 199, 287 N.W. 433, 435 (1939); *Buckingham v. Wray,* 219 Neb. 807, 366 N.W.2d 753, 757 (1985). The only provision of buyer's and seller's contract relating to demand for payment merely foreclosed seller from making demand prior to January 2, 1981. This can hardly be interpreted as having imposed a duty on seller to make demand as a precondition to buyer's obligation to pay for the grain after January 2. At best, the provision would be ambiguous and the ambiguity would be resolved against buyer as the draftsman of the contract. *H.C. Clark Implement Co., Inc. v. Wiedmer,* 389 N.W.2d 816, 818 (S.D.1986); *City of Sioux Falls v. Henry Carlson Co.,* 258 N.W.2d 676, 679 (S.D.1977). Thus buyer's excuse for its delay is without merit.

In conclusion, under either buyer's or seller's arguments in this case, the trial court appropriately entered summary judgment for seller. If time was of the essence in buyer's payment obligation of January 2, 1981, buyer clearly defaulted in not making payment on that date and judgment for seller was proper as a matter of law. If time was not of the essence in buyer's obligation, buyer defaulted in not making payment within a reasonable time and again judgment for seller was appropriate as a matter of law. Even if the trial court granted summary judgment for the wrong reason it does not bar this court from affirming the judgment based upon the correct reason. *Staab v. Cameron,* 351 N.W.2d 463, 466 (S.D.1984); *Cook v. Rezek,* 296 N.W.2d 731, 733 (S.D.1980).

Based upon the foregoing, summary judgment for seller is affirmed.