1999 SD 38

Jimmy Ray BENSON, Plaintiff
and Appellant,

v.

James GOBLE; and Full Circle Invest-
ment, Smith Equipment Manufacturing
Company, L.L.C., a Corporation, Defen-
dants,

and

Tescom Corporation, d/b/a Smith
Equipment, Defendant and
Appellee.

No. 20377.

Supreme Court of South Dakota.

Argued Oct. 19, 1998.

Decided March 31, 1999.

H.I. King of Tonner, Tobin & King, Aberdeen, for plaintiff and appellant.

Mark W. Haigh and Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, Sioux Falls, Richard W. Pins of Doherty, Rumble & Butler, Minneapolis, MN, for defendant and appellee.

AMUNDSON, Justice.

[¶ 1.] Jimmy Ray Benson appeals the trial court's decision granting summary judgment in favor of employer, Tescom Corporation. The trial court determined the exclusive remedy of workers' compensation barred Benson's tort-based claims. Furthermore, the trial court determined Benson failed to allege facts sufficient to fall within intentional tort exception to the exclusivity provision. We affirm.

### FACTS

[¶ 2.] Jimmy Ray Benson began working for Tescom Corporation in Watertown, South Dakota, in November 1981. In June 1991, Benson was transferred to the metal finishing department where his new supervisor was James Goble.

[¶ 3.] In July 1991, Benson had his first monthly review with Goble who advised him he was doing a good job. Benson contends two days later he was summoned to Goble's office and called a "lazy son of a bitch." Later, in August 1991, Benson was at work removing water from a tank and dumping it into another when Goble noticed Benson's activity and became upset. Goble yelled and cussed at Benson, calling him a "dumb f——." Goble then hit Benson on top of the head. This incident occurred at Benson's workstation. Benson contends Goble again

lost control in the spring of 1992 when Benson handed Goble the wrong wrench. Goble threw the wrench across the room. Again, Benson claims this incident occurred in plain view of other employees. In early fall of 1993, Benson contends there were incidents where Goble would kick Benson and call him his "whipping boy." Benson contends that on at least one of these occasions another supervisor was present. Benson did not tell anyone higher up in management about these incidents because he claims he was afraid he would lose his job.

[¶ 4.] On February 17, 1994, Benson claims he was kicked in front of two co-workers while disconnecting a tank. The following day, February 18, Goble had a physical altercation with Benson. Goble began yelling and swearing at Benson. Goble hit Benson on the side of the head, causing Benson's eyeglasses to go flying. Benson reported this incident to the personnel manager and to Goble's supervisor.* Goble acknowledged he had lost his temper and behaved unprofessionally. Goble was suspended without pay for two weeks and required to attend anger-management counseling.

[¶ 5.] Following suspension, Goble was returned to the same management position. Benson contends a few months later, after reporting a mistake he had made running over a plating bath, Goble began to yell and swear at him. Benson claims Goble picked up glass beakers and threw them onto the floor before exiting the office. Benson claims there were witnesses to this incident.

[¶ 6.] In August 1995, Benson voluntarily resigned. Benson signed a resignation form, stating his reason for leaving was to look for other work. He also told the personnel manager, Ms. Buhler, he intended on moving to Arizona.

[¶ 7.] In January, 1996, Benson filed a lawsuit against James Goble and employer, Tescom Corporation, alleging negligent supervision and retention of Goble and vicarious liability for Goble's intentional tortious conduct. Benson claimed his real reason for leaving Tescom was attributable to Goble's abusive behavior. Benson claimed he suf-

fered damages and losses consisting of mental and psychological disorders, loss of income, loss of enjoyment of life and a claim for punitive damages. Tescom moved for summary judgment on the grounds that Benson's claimed injuries were covered under workers' compensation, thus, the action was barred by the exclusivity provision of workers' compensation law. In addition, Tescom argued there were insufficient facts to support Benson's allegation that the employer's actions fell within the intentional tort exception to workers' compensation law. The trial court agreed with Tescom and the motion for summary judgment was granted.

[¶ 8.] Benson appeals, raising the following issues:

1. Whether the trial court erred when it determined the workers' compensation statute provides the exclusive remedy for the injuries Benson sustained.

2. Whether the trial court erred when it determined no genuine issue of material fact existed on the issue of whether the intentional tort exception of the workers' compensation statute applies.

## STANDARD OF REVIEW

[¶ 9.] Our standard of review on a motion for summary judgment under SDCL 15-6-56(c) is well settled. It must be determined:

[W]hether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of summary judgment is proper.

---

* This is the first and only time Benson reported any of the alleged incidents to Tescom.

Harn v. Continental Lumber Co., 506 N.W.2d 91, 94 (S.D.1993) (quoting Lamp v. First Nat. Bank of Garretson, 496 N.W.2d 581, 583 (S.D.1993); Waddell v. Dewey Cty. Bank, 471 N.W.2d 591, 592 (S.D.1991)). "[S]ummary judgment is appropriate to dispose of legal, not factual questions." Id. (citing Ramesbotham v. Farmers Elevator Co., 428 N.W.2d 542, 543 (S.D.1988); Hamaker v. Kenwel–Jackson Machine, Inc., 387 N.W.2d 515, 517 (S.D.1986)). However, when "the facts are undisputed, the issue becomes one of law for this Court to decide." Id. (citing Taggart v. Ford Motor Credit Co., 462 N.W.2d 493, 498 (S.D.1990); Gasper v. Freidel, 450 N.W.2d 226, 229 (S.D.1990)).

### DECISION

[¶ 10.] **1. Whether Benson's claim is barred by exclusivity provision of workers' compensation law.**

[¶ 11.] South Dakota's workers' compensation statute features an exclusivity of remedies provision in SDCL 62–3–2:

> The rights and remedies herein granted to an employee subject to this title, on account of personal injury or death arising out of and in the course of employment, shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, on account of such injury or death against his employer or any employee, partner, officer or director of such employer, except rights and remedies arising from intentional tort.

Workers' compensation was designed to be the exclusive method of compensating workers "in all but extraordinary circumstances." Harn, 506 N.W.2d at 95. "This Court construes workers' compensation statutes liberally to provide coverage even when the worker would prefer to avoid it." Id.; Goodman v. Sioux Steel Co., 475 N.W.2d 563, 565 (S.D.1991); Jensen v. Sport Bowl, Inc., 469 N.W.2d 370, 371 (S.D.1991); South Dakota Med. Serv. v. Minnesota Mut. Fire & Cas. Co., 303 N.W.2d 358, 361 (S.D.1981).

[¶ 12.] South Dakota Workers' Compensation Law defines injury as, "only injury arising out of and in the course of employment, and shall not include a disease in any form except as it shall result from the injury." SDCL 62–1–1(7). There is no dispute the claimed injuries arose out of and in the course of employment. However, in the present case, Benson argues his injury falls outside the definition because he is not claiming physical or mental disability, instead, he contends he is claiming mental distress, humiliation and embarrassment as a result of non-physical harassment. See Everingim v. Good Samaritan Center, 1996 SD 104, ¶ 38, 552 N.W.2d 837, 843 (Miller, C.J., concurring). Therefore, Benson argues workers' compensation exclusivity clause does not bar this type of tort action. Tescom, on the other hand, claims the present case is indistinguishable from the facts of Everingim, resulting in injuries compensable under workers' compensation laws within the physical-mental category and barring a common-law tort action. 1996 SD 104, ¶ 34, 552 N.W.2d at 843.

[¶ 13.] Previously, this Court has recognized three categories of mental and nervous injuries: (1) mental-physical, (2) physical-mental, and (3) mental-mental. Everingim, 1996 SD 104, ¶ 25, 552 N.W.2d at 841. South Dakota recognizes compensability for both mental-physical and physical-mental, but does not allow compensation for injuries in the mental-mental category. Id. at ¶¶ 25, 29, 34, 38, 552 N.W.2d at 841–43. See also Lather v. Huron College, 413 N.W.2d 369, 372 (S.D.1987). The present case involves the question of whether Benson's claims fall within the physical-mental category.

[¶ 14.] To be included in this physical-mental category, there must have been a physical touching sufficient to become a "physical trauma" which caused the mental injury. Everingim, 1996 SD 104, ¶ 28, 552 N.W.2d at 841. It is not necessary that an "organic" injury resulted in order to find a compensable injury. See Everingim, 1996 SD 104, ¶ 31, 552 N.W.2d at 842 (citing Mitchell v. White Castle Systems, Inc., 290 N.W.2d 753, 756 (Minn.1980)) (allowing compensation for waitress who suffered mental problems after being slapped by a customer). See also Baker v. Wendy's of Montana, Inc., 687 P.2d 885 (Wyo.1984) (finding claimant barred by exclusivity provision under Worker's Compensation Act where claimant

touched on breast and buttocks by co-worker, but majority of harassment was verbal).

[¶ 15.] There is no dispute Benson suffered at least one physical assault where Goble hit him along side of the head, causing Benson's glasses to fly off. Additionally, there are other alleged physical assaults consisting of Goble physically kicking Benson in the buttocks, Goble kicking Benson so hard in the back of the legs that Benson was forced to the ground, and Goble thumping Benson on the head. Benson claims no physical injury, but that the assaults caused him mental distress. Such physical assaults place Benson in the physical-mental category. Thus, Benson's tort action filed against Tescom is barred by the exclusive remedy provision of workers' compensation.

### [¶ 16.] 2. Whether the intentional tort exception to exclusivity applies.

[¶ 17.] Benson argues that a supervisor is an alter ego of the corporation on the factory floor and consequently a supervisor's actions can be imputed to the employer under the doctrine of respondeat superior. Benson also contends Tescom can be directly liable under the intentional tort exception because Tescom knew with a substantial certainty that its employees would suffer physical and mental injury at the hands of its supervisor. Benson argues whether Tescom knew with substantial certainty that harm was to result is a question of fact. Thus, summary judgment is inappropriate.

[¶ 18.] In regards to an employers' liability when a supervisor commits an assault, Professor Larson in his treatise on workers' compensation states:

> When the person who intentionally injures the employee is not the employer in person nor a person who is realistically the alter ego of the corporation, but merely a foreman, supervisor or manager, both the legal and moral reasons for permitting a common-law suit against the employer collapse, and a substantial majority of modern cases bar a damage suit against the employer.

6 Larson, Workers' Compensation Law § 68.21(a) at 13–113 (1998). The rationale is

that: "Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort he has a right to consider exclusively covered by the compensation system." *Id.*, § 68.21(b) at 13–123. Therefore, to find Tescom vicariously liable for the acts of its supervisor in the absence of notice, Goble must have been "so dominant in the corporation that he could be deemed the alter ego of the corporation under the ordinary standards governing disregard of corporate entity." *Id.*, § 68.22 at 13–130. In the present case, Benson has failed to allege facts sufficient to establish Goble as an alter ego personality of the corporation. Goble was merely a supervisor. He simply was not so dominant in the corporation to be deemed its alter ego.

[¶ 19.] Benson also contends that Tescom is directly liable under the intentional tort exception because Tescom knew with substantial certainty that its employees would suffer physical and mental injury at the hands of its supervisor. In South Dakota, the intentional tort exception is narrowly construed. *Harn*, 506 N.W.2d at 95; *Brazones v. Prothe*, 489 N.W.2d 900, 906 (S.D. 1992); *Jensen*, 469 N.W.2d at 372. "[I]ntent pointedly means intent." *Harn*, 506 N.W.2d at 95. "Even when employers act or fail to act 'with conscious realization that injury is a *probable* . . . result,' worker's compensation is still the exclusive remedy for workers thereby injured." *Harn*, 506 N.W.2d at 95 (quoting *Jensen*, 469 N.W.2d at 372) (emphasis in original); *see also VerBouwens v. Hamm Wood Products*, 334 N.W.2d 874, 876 (S.D.1983). "Workers may bring suit against their employers at common law only 'when an ordinary, reasonable, prudent person would believe an injury was *substantially certain* to result from [the employer's conduct].'" *Jensen*, 469 N.W.2d at 372, (quoting *VerBouwens*, 334 N.W.2d at 876) (emphasis in original). "The actor must know or believe that the harm is a substantially certain consequence of his act before intent to injure will be inferred." *Harn*, 506 N.W.2d at 98. The mere knowledge and appreciation of a risk is not intent. *Id.* (citations omitted).

[¶ 20.] In the present case, viewing the evidence and the pleadings in a light most favorable to Benson's case, the facts are insufficient to demonstrate with a substantial certainty that injury would be the inevitable outcome. *See Harn*, 506 N.W.2d at 100 (finding facts insufficient to show intent where employee was injured by employer's action in disengaging a safety device); *Brazones*, 489 N.W.2d at 907 (finding facts insufficient to show intent where employee injured in petroleum tank explosion and employer allowed a potentially unsafe condition to exist); *Jensen*, 469 N.W.2d at 372 (finding facts insufficient to establish intent where fourteen-year-old pin-chaser at a bowling alley lost a finger in course of employment and was not warned of the danger, was inadequately trained and the employer knew pin-chasing was a dangerous task). Tescom knew Goble had two previous sexual harassment complaints filed against him in addition to Benson's assault complaint. Tescom also knew Goble had a "policemen-type" method of supervising employees. However, when Benson filed his only complaint regarding Goble, Tescom immediately suspended Goble without pay for two weeks and required him to attend anger-management classes. Furthermore, prior to Benson's voluntary resignation, Benson never again complained regarding Goble's conduct. Based on this record, Benson has failed to show that Tescom knew or believed that harm was substantially certain to be the consequence of retaining Goble as a supervisor. Therefore, summary judgment was appropriate.

[¶ 21.] It should be noted the motion for summary judgment was initiated by the employer, Tescom. This decision is in regards to Tescom only and does not affect Benson's pending action against Goble for these assaults.

[¶ 22.] Affirmed.

[¶ 23.] MILLER, Chief Justice, KONENKAMP, and GILBERTSON, Justices, concur.

[¶ 24.] SABERS, Justice, concurs specially.

SABERS, Justice (concurring specially).

[¶ 25.] I write specially on Issue 1 to ward off the filing of this type of frivolous claim in the future.

[¶ 26.] Benson argues that his "claim" is compensable as a tort because it is not a compensable "injury" under workers' compensation. He is wrong, as stated by the majority, but he misses the point. Benson loses even if he proves a "mental-mental" injury. Because he is a workers' compensation employee, he has no remedy against the employer whatsoever, compensable or not, unless they come within SDCL 62-3-2 or constitute an intentional tort. Therefore, under these facts, his only remedy, if any, is for intentional tort against Goble.