Larry S. LAWRENCE, Appellant,

v.

**BAINBRIDGE APARTMENTS,
et al., Respondents.**

**No. WD 53818.**

Missouri Court of Appeals,
Western District.

Oct. 28, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 23, 1997.

Pieter A. Brower, Kansas City, for Appellant.

Douglas R. Richmond, Kansas City, for Respondent.

Before EDWIN H. SMITH, P.J., and BERREY and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Larry S. Lawrence appeals the summary judgment for Bainbridge Apartments, Ranbir A. Sahni, and American Development Corporation, collectively referred to as respondents, on his claim for damages for personal injuries he sustained resulting from a fall

while washing windows as an independent contractor. In his sole point on appeal, the appellant claims that the trial court erred in sustaining respondents' motion for summary judgment in that there was a genuine dispute as to material facts which would entitle him to recover under the "inherently dangerous activity exception" to the general rule that landowners are not vicariously liable for injuries caused by the negligence of an independent contractor or its employees to innocent third parties or employees of the independent contractor.

We affirm.

### Facts

Respondent, Bainbridge Apartments, is a California Limited Partnership whose general partner is respondent Ranbir S. Sahni. Bainbridge is managed by respondent American Development Corporation ("ADC"). Bainbridge, Sahni, and ADC are collectively referred to as respondents.

Prior to May 1, 1989, Smart Way Janitorial entered a bid to wash the windows of the Bainbridge Apartments, which it offered to appellant through a subcontract. On or about May 1, 1989, appellant and his father went to the Bainbridge Apartments to determine whether they could perform the window washing job at the apartment complex. During this visit, appellant was told that Bainbridge's management preferred to have the windows washed from the outside of the buildings, rather than the inside, so as to not disturb their tenants.

The Bainbridge property consists of six buildings. Four buildings are four stories tall. Two buildings are seven stories tall. The windows of the two taller buildings could not be washed from the outside, because their roof and eave structures would not allow exterior washing. The four smaller buildings had roof access that would allow the windows to be done from the roof. The building manager insisted that the four smaller buildings be done from the outside despite the absence or presence of adequate structures to tie back a safety line.

On or about May 15, 1989, appellant began washing the windows of the four shorter buildings using equipment that included a Bosun's seat, a beam fastened to rollers, and a counterweight. Appellant selected his equipment as the most economical because the ground surface, shrubs, and excavation around the buildings and their height prevented the use of ladders or other types of scaffolding. On May 25, 1989, appellant was injured in a fall from the side of one of the shorter buildings at the Bainbridge Apartments while performing the job for which he had contracted.

Appellant filed a two-count petition for damages against respondents on May 13, 1994. Count I asserted a negligence claim against respondents based on the "inherently dangerous activity" exception to the general rule that landowners are not vicariously liable for injuries caused by the negligence of an independent contractor or his or her employees to innocent third parties or employees of the independent contractor. Count II asserted a negligence claim based on the "landowner control" exception to the same general rule. Respondents filed a motion for summary judgment as to both counts, which the trial court granted. The summary judgment as to Count I was based on the trial court's finding that appellant had recovered workers' compensation benefits and was, therefore, not covered by the inherently dangerous activity exception. Summary judgment as to Count II was based on the trial court's finding that respondents had not retained substantial control of the premises and did not control the physical activities of appellant, and therefore, the landowner control exception did not apply. Appellant appealed the grant of summary judgment, and this court reversed and remanded Count I for further consideration because the trial court had mistakenly equated "coverage" with "recovery" under the workers' compensation laws. The grant of summary judgment on Count II was affirmed in *Lawrence v. Bainbridge Apartments,* 919 S.W.2d 566 (Mo.App.1996), this court holding that respondents did not retain substantial control of the premises and the activities of the appellant, and therefore, the landowner control exception did not apply.

On remand and after the Kansas Court of Appeals found that appellant was not a covered employee entitled to workers' compensation benefits, respondent moved for summary judgment on Count I of the original petition. The trial court granted summary judgment for respondent on January 8, 1997.

This appeal follows.

### Standard of Review

Our standard of review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). We review the record in the light most favorable to the party against whom judgment was entered and accord the non-moving party the benefit of all reasonable inferences from the record. *Id.; Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384, 385–86 (Mo.banc 1991). Summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *ITT*, 854 S.W.2d at 377; *Zueck*, 809 S.W.2d at 385.

### I.

The appellant claims that the trial court erred in granting respondents' motion for summary judgment because under the alleged undisputed facts of respondents' motion, he is entitled to recover for his personal injuries pursuant to the inherently dangerous activity exception for injuries he sustained as a result of his fall while washing windows at the Bainbridge Apartments owned by respondents. Respondents alleged as the basis for their motion for summary judgment that on the undisputed facts appellant could not recover under the exception because: (1) he is not a member of a protected class entitled to recover under the exception; and/or (2) the activity he engaged in was not inherently dangerous.

There is no real dispute concerning the underlying facts of the case. The controversy is over whether respondents were entitled to judgment as a matter of law based upon the undisputed facts. Thus, the issue for us to decide is whether under the undisputed facts appellant could recover under the inherently dangerous activity exception.

To be entitled to summary judgment a movant must demonstrate that there is: (1) no genuine dispute of material fact; and (2) he or she is entitled to judgment as a matter of law. *ITT*, 854 S.W.2d at 377; *Zueck*, 809 S.W.2d at 385. If the movant is the defending party, as is the case here, he or she can establish a prima facie case for summary judgment by one or more of the following three means: (1) facts that negate any one of the appellant's elements facts; (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support defendant's properly pleaded affirmative defense. *ITT*, 854 S.W.2d at 381. In respondents' motion for summary judgment, they employed the first means, negating one of appellant's elements facts. Thus, our review is to determine if under the alleged undisputed facts of respondents' motion, appellant is entitled to recover under the inherently dangerous activity exception.

For the appellant to be entitled to recover for his injuries under the inherently dangerous activities doctrine, he must prove: (1) that he is a member of a protected class entitled to recover under the inherently dangerous activity exception; and (2) that the activity which caused his injury was inherently dangerous. Thus, to make a prima facie case for summary judgment here, respondents must have negated one or both of these required elements under the undisputed facts. In this respect, the trial court found that both elements were negated. Therefore, we must decide whether, in fact, one or both necessary elements were negated, entitling respondents to summary judgment.

The law is well settled in Missouri that a landowner is not vicariously liable for injuries caused by the negligence of an independent contractor or his or her employees to innocent third parties or employees of the

independent contractor. *Zueck*, 809 S.W.2d 384, *Matteuzzi v. Columbus Partnership, L.P.*, 866 S.W.2d 128 (Mo.banc 1993), *McLain v. Johnson*, 885 S.W.2d 345 (Mo. App.1994), *Gillespie v. St. Joseph Light & Power Co.*, 937 S.W.2d 373 (Mo.App.1996), *Lawrence*, 919 S.W.2d 566. There are two exceptions to this rule: (1) the "landowner control exception"; and (2) the "inherently dangerous activity exception."

The landowner control exception provides that the landowner will be liable if he exerts substantial control over the premises and the manner in which the work is done by the independent contractor. *Lawrence*, 919 S.W.2d 566, *Matteuzzi*, 866 S.W.2d 128. This issue was previously addressed and disposed of in *Lawrence*, 919 S.W.2d at 570, and is no longer at issue in this case.

The second exception to the rule is the inherently dangerous activity exception. It provides that a landowner will be liable for injuries to innocent third parties or employees of independent contractors who are not covered by workers' compensation for failure to take precautions to prevent an injury caused by an inherently dangerous activity performed on his land. *Zueck*, 809 S.W.2d 384, *Halmick v. SBC Corporate Services, Inc.*, 832 S.W.2d 925 (Mo.App.1992). It is the application of this exception which is at issue in this case.

We will first address whether, under the undisputed facts, appellant is a member of a protected class under the inherently dangerous activity exception. There are two protected classes of claimants under the exception: (1) innocent third parties, and (2) employees of independent contractors who are not covered by workers' compensation. If we find that appellant is not a member of either protected class, we need not address whether the activity in which he was engaged was inherently dangerous because both elements are necessary for recovery.

The parties agree that appellant is an independent contractor. The issue is whether an independent contractor who performs the work himself and is injured while doing so, enjoys the same right to recover under the exception as his or her uninsured employee. Based on our research, we find this to be a case of first impression in Missouri.

In deciding the issue presented, the fundamental objectives of tort law are controlling.

Tort law is "concerned with the allocation of losses arising out of human activities...." To achieve this objective, courts and legislatures have established rules of liability. These rules ought to function to promote care and punish neglect by placing the burden of their breach on the person who can best avoid the harm.

*Zueck*, 809 S.W.2d at 388 (*quoting* W. Keeton, Prosser and Keeton on *The Law of Torts* 6 (5th ed.1984)). Thus, in establishing the rule of liability implicated in this case, we logically must look to which party can best avoid the harm and manage the risk of loss of the inherently dangerous activity in question. In order to understand application of these principles to the precise issue before us, a brief history concerning two important developments in the inherently dangerous activity exception is instructive.

Originally, the inherently dangerous activity exception applied only to injured innocent third parties. *Salmon v. Kansas City*, 241 Mo. 14, 145 S.W. 16 (1912). The exception was extended to employees of independent contractors in *Mallory v. Louisiana Pure Ice & Supply Co.*, 320 Mo. 95, 6 S.W.2d 617 (1928). In *Mallory*, the rationale for extending the exception and imposing liability on landowners for injuries to employees of independent contractors was to place the employees of independent contractors on the same footing as innocent third parties. The primary basis for equating employees with innocent third parties was that neither have a contractual relation with the landowner, and thus no voice or bargaining power. *Id.* 6 S.W.2d at 626. In accord with the objectives of tort law, this rule promoted care on the part of the landowner, the one in the best position to avoid the harm, who was provided with an incentive to take precautions to prevent injuries arising from inherently dangerous activities on his land. By extending the landowner's liability to a new class of poten-

tial claimants, who performed their work upon his premises and were subject to any dangerous conditions thereon, the court encouraged landowners to make working conditions safe or suffer the financial burden of paying for resulting injuries.

As to the rule enunciated in *Mallory*, *Zueck* narrowed the protected class of employees of independent contractors to those not covered by workers' compensation, reasoning that the landowner who hires an independent contractor pays directly or indirectly "for the compensation coverage when he contracts with an independent contractor." *Zueck*, 809 S.W.2d at 389. Thus, to make a landowner liable for compensation coverage as well as injuries under the inherently dangerous activity doctrine would force double liability upon the landowner. *Id.* at 388. The effect of this rule of liability was to allocate the risk of loss based upon who bore the financial burden for insuring against it. Landowners who hired independent contractors that had employees covered by workers' compensation had to pay a higher price for their services because the cost of providing the insurance was included in the contract price. *Id* at 389. Independent contractors who do not provide coverage are available for a smaller fee, but subjected the landowner to liability for the injuries caused to the uncovered employees.

Considering the stated policies and objectives for apportioning liability for injuries from inherently dangerous activities between landowners and independent contractors, we must determine whether an independent contractor may recover for his own injuries from the landowner upon whose premises he performs an inherently dangerous activity. After careful consideration and for the reasons stated *infra*, we find that an independent contractor may not recover against a landowner for his own injuries under the inherently dangerous activity exception.

A rule of liability allocating the risk of injury to the independent contractor who performs the work himself advances the objectives of tort law. An independent contractor who knows he will not be compensated by the landowner for his injuries has a strong incentive to take additional care and avoid neglect in performing his duties. This encourages him to demand additional safety measures and compensation before he agrees to undertake an inherently dangerous activity. In addition, it places the independent contractor in the best position to pay for the loss, as he has been previously compensated for it, as is the case where there is workers' compensation coverage. He may use this additional compensation to provide insurance for himself, or simply assume the risk and pocket whatever additional compensation for which he has bargained. He is in the best position to make this decision.

A critical difference between an independent contractor and his employee who is not covered by workers' compensation, is that the independent contractor enjoys a position of bargaining strength and freedom to decide whether the risk involved in a particular job is worth the compensation offered for it. The independent contractor is free to bargain and negotiate without restraint with the landowner. An independent contractor holds himself out as an expert who is uniquely qualified and skilled to bid for and perform the acts in question. As an expert, he is in a better position to understand the risks and costs involved in a particular job and he may demand sufficient remuneration and safety measures to cover what he believes the attendant risks to be. In return for his bargained-for price, he accepts the allocation of the risk.

To allow the independent contractor to recover compensation for his injuries from the landowner in addition to his negotiated price allows for double recovery, if he negotiated a fair price, and allows the independent contractor to be rescued from a bad bargain in the event he failed to negotiate an adequate price. In either case, a rule of liability allowing the independent contractor, who performs the work himself to recover for his own injuries, offends the objectives of tort law because it fails to place the cost on the party in the best position to avoid the risk and absorb the loss.

Appellant argues that there is no reason to distinguish between a situation where an employee of an independent contractor is injured and where the independent contractor is a sole practitioner and is injured himself. In support of his contention, appellant cites to us *Lammert v. Lesco Auto Sales*, 936 S.W.2d 846 (Mo.App.1996). In *Lammert*, the

**406**

court held that there was no reason to distinguish between an independent contractor and his employee for purposes of recovery for personal injuries, but failed to articulate a basis for the similar treatment. The court simply stated, "[w]e find no reason to distinguish between the two situations .... [w]e will, therefore, apply the same rule of law." *Lammert*, 936 S.W.2d at 850. *Lammert* is distinguished from the case at bar.

*Lammert* dealt only with the landowner control exception to a landowner's premises liability and did not decide whether an independent contractor, not covered by workers' compensation, belonged to a protected class under the inherently dangerous activity exception. The basis for the inherently dangerous activity exception is quite different from the basis for the landowner control exception. Thus, we do not find *Lammert* persuasive on the issue of the inherently dangerous activity exception. In any event, in the case of the inherently dangerous activity exception, we do find reasons to distinguish between the independent contractor and his employee for the reasons set forth in this opinion. Therefore, we hold that an injured independent contractor, although uninsured, cannot recover under the inherently dangerous activity exception. And, as a result, because appellant cannot prove one of the necessary elements of the inherently dangerous activity exception under the undisputed facts of this case, that he was a member of a protected class entitled to recover, respondents were entitled to summary judgment. Having determined that respondents were entitled to summary judgment on the foregoing basis, we need not address the issue of whether appellant was engaged in an inherently dangerous activity.

Point denied.

## Conclusion

The trial court's summary judgment for respondents on Count I of appellant's petition is affirmed.

All concur.