**Donald BOWLES, Appellant,**

v.

**WELD TIRE & WHEEL, INC. et al., Respondent.**

**No. WD 58386.**

Missouri Court of Appeals,
Western District.

Feb. 20, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2001.

20

David Thurman Greis, Kansas City, for appellant.

Scott C. Long, Overland Park, for respondent.

Before BRECKENRIDGE, P.J., ULRICH, J. and HOWARD, J.

ULRICH, Judge.

Donald Bowles appeals the summary judgment entered by the trial court in favor of Weld Tire & Wheel, Inc. in his action against the company to recover for injuries resulting from his exposure to carbon monoxide while operating a gasoline-powered power washer to prepare an enclosed stairwell for painting. Mr. Bowles contends that the trial court erred in finding that the inherently dangerous activity exception to the general rule that a landowner is not vicariously liable for the torts of an independent contractor did not apply. The judgment of the trial court is affirmed.

The material facts of this case are undisputed. In September 1994, Weld Tire & Wheel, Inc. (Weld) hired Ron Auen, an independent contractor, to prepare and paint exterior and interior portions of its facility. The Appellant, Donald Bowles, was employed by Mr. Auen.[1] On December 15, 1994, Mr. Auen and Mr. Bowles began preparing a three-story enclosed stairwell for painting. Starting on the top floor, the men used a gasoline-powered power washer, which emitted carbon monoxide, to remove old, loose paint and dirt from the stairwell walls. After operating the power

---

1. Mr. Auen did not provide workers' compensation coverage to Mr. Bowles.

washer for approximately one half hour, Mr. Bowles complained of a headache and ringing in his ears. Mr. Auen told Mr. Bowles to go home and that he would finish the job. As Mr. Bowles was walking down the stairs, he lost consciousness. Mr. Auen, who was then operating the power washer, did not see Mr. Bowles collapse. Within minutes, Mr. Auen also lost consciousness. The men were eventually discovered by Weld employees and taken to the hospital for carbon monoxide poisoning.

Thereafter, Mr. Bowles filed this action for damages against Weld. He claimed that the activity of operating a gasoline-powered power washer in an enclosed stairwell was inherently dangerous and that Weld was vicariously liable for Mr. Auen's negligence in failing to take adequate precautions. Specifically, Mr. Bowles alleged that Mr. Auen was negligent in failing to monitor the carbon monoxide levels in the stairwell, in failing to provide a mechanism to direct the exhaust fumes to the outside, and in failing to provide proper ventilation.

Weld filed a motion for summary judgment and suggestions in support arguing that the activity of painting a stairwell was not in itself inherently dangerous and that Mr. Auen and Mr. Bowles could have chosen a different and safer manner to remove paint from the stairwell walls. The trial court granted Weld's motion for summary judgment. This appeal by Mr. Bowles followed.

■■ Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

■■ Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

■■ Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*

On appeal, Mr. Bowles contends that the trial court erred in granting Weld's motion for summary judgment because Weld failed to establish a right to judgment as a matter of law and genuine issues of material fact existed. In its motion for summary judgment and supporting suggestions, Weld argued that the activity that caused Mr. Bowles's injuries, preparing and painting an en-

closed stairwell, was not in itself inherently dangerous and could have been performed safely with a different method or by providing proper ventilation by opening windows or doors in the stairwell. Mr. Bowles argues that the operation of a gasoline-powered power washer in an enclosed stairwell was the activity that caused his injuries. He contends that such activity was inherently dangerous unless special precautions were taken because the internal combustion engine emitted carbon monoxide, an odorless, tasteless, lethal gas. Mr. Bowles also argues that Weld failed to show that the activity could have been performed safely with proper ventilation and that even if it had made such showing, the facts were disputed as to whether the doors and windows could have been opened.[2]

 Generally, a landowner is not vicariously liable for injuries caused by the negligence of an independent contractor or his employees to innocent third parties or employees of the independent contractor. *Matteuzzi v. Columbus Partnership, L.P.*, 866 S.W.2d 128, 130 (Mo. banc 1993); *Hatch v. V.P. Fair Foundation, Inc.*, 990 S.W.2d 126, 133–134 (Mo.App. E.D.1999); *Lawrence v. Bainbridge Apartments*, 957 S.W.2d 400, 403–404 (Mo.App. W.D.1997). The court in *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384 (Mo. banc 1991), stated:

> This general rule recognizes that the landowner has no right of control over the manner in which the work is to be done, and for that reason the work "is to be regarded as the [independent] contractor's own enterprise, and he, rather than the [landowner], is the proper party to be charged with the responsibility for preventing the risk, and administering and distributing it."

*Id.* at 386 (quoting W. PROSSER & W. KEATON, THE LAW OF TORTS 509 (5th ed.1984)). An exception to this general rule is recognized, however, if the activity performed by the independent contractor is inherently dangerous. *Matteuzzi*, 866 S.W.2d at 130; *Lawrence*, 957 S.W.2d at 404. Under this exception, a landowner who hires an independent contractor to perform an inherently dangerous activity has a nondelegable duty to take special precautions to prevent injury from the activity. *Id.* For inherently dangerous activities, the landowner "remains liable for the torts of the contractor, simply for commissioning the activity. The liability attaches without any need for showing that the employer is in any respect negligent. It is purely vicarious." *Ballinger v. Gascosage Elec. Coop.*, 788 S.W.2d 506, 511 (Mo. banc 1990), *overruled on other grounds by Zueck v. Oppenheimer Gateway Properties, Inc.*, 809

---

**2.** In making its argument in its motion for summary judgment that the activity that injured Mr. Bowles was not inherently dangerous because it could be performed safely, Weld relied on two cases, *Lammert v. Lesco Auto Sales*, 936 S.W.2d 846 (Mo.App. E.D. 1996), and *Reed v. Ocello*, 859 S.W.2d 242 (Mo.App. E.D.1993). The Eastern District, however, overruled these cases in *Hatch v. V.P. Fair Foundation, Inc.*, 990 S.W.2d 126, 135–136 (Mo.App. E.D.1999), to the extent that they held that an activity is not inherently dangerous if it can be performed safely. In *Hatch*, the court stated that such holding is in contradiction to the Missouri Supreme Court case, *Ballinger v. Gascosage Elec. Coop.*, 788 S.W.2d 506, 509 (Mo. banc 1990), *overruled on other grounds by Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384 (Mo. banc 1991), that provided, "the essence of inherent danger ... is the need for special precaution. It is not sufficient for the defendant to show that the work can be done safely." Because the "safe method" exception has been overruled and is no longer good law, Mr. Bowles points on appeal regarding this issue are not addressed.

S.W.2d 384 (Mo. banc 1991). Thus, a landowner will be vicariously liable for injuries to innocent third parties or employees of independent contractors who are not covered by workers' compensation for failure of the contractor to take such precautions against the inherent risks or dangers of the activity. *Zueck*, 809 S.W.2d at 384; *Lawrence*, 957 S.W.2d at 404; RESTATEMENT (SECOND) OF TORTS § 416 (1965).[3]

Whether an activity is inherently dangerous as a matter of law is initially a question of law for the court. *Zueck*, 809 S.W.2d at 386. To determine whether an activity is inherently dangerous, the court must begin by ascertaining the nature of the activity and the manner in which it is ordinarily performed. *Hatch*, 990 S.W.2d at 136. An activity is inherently dangerous if the work being done, by its very nature, involves some "peculiar risk" of physical harm. *Hofstetter v. Union Elec. Co.*, 724 S.W.2d 527, 530 (Mo.App. E.D.1986)(citing RESTATEMENT (SECOND) OF TORTS § 416 cmt. d (1965)). A peculiar risk is differentiated from a "common risk" in that common risks are those to which persons in general are subjected by the ordinary forms of negligence that are typical in the community. *Id.* "[T]he inherently dangerous activity exception applies only where 'the harm results from the negligence of the contractor in failing to take precautions against the danger involved in the work itself, which the employer should contemplate at the time of his contract'." *Hatch*, 990 S.W.2d at 135 (quoting RESTATEMENT (SECOND) OF TORTS § 427 cmt. d (1965)).

The exception does not apply, however, where "the negligence of the independent contractor creates a new risk, not intrinsic in the work itself, which could have been prevented by routine precautions of a kind which any careful contractor would be expected to take." *Hofstetter*, 724 S.W.2d at 530 (citing RESTATEMENT (SECOND) OF TORTS § 413 cmt. b and § 427 cmt. d (1965)). Additionally, a landowner is not liable under the inherently dangerous activity exception for the "collateral negligence" of the contractor. *Hatch*, 990 S.W.2d at 135; *Hofstetter*, 724 S.W.2d at 530. Collateral negligence is "negligence which is unusual or abnormal, or foreign to the normal or contemplated risks of doing the work, as distinguished from negligence which creates only the normal or contemplated risk." *Hatch*, 990 S.W.2d at 135 (quoting RESTATEMENT (SECOND) OF TORTS § 426 cmt. a (1965)). Under the theory of collateral negligence, a landowner

> is not required to contemplate or anticipate abnormal or unusual kinds of negligence on the part of the contractor, or negligence in the performance of operative details of the work which ordinarily may be expected to be carried out with proper care, unless the circumstances under which the work is done give him warning of some special reason to take precautions, or some special risk of harm to others inherent in the work.

RESTATEMENT (SECOND) OF TORTS § 426 cmt. b (1965). The test is whether the independent contractor's acts were or should have been within the contemplation of the landowner. *Hatch*, 990 S.W.2d at 136.

---

**3.** Section 416 entitled "Work Dangerous in Absence of Special Precautions" provides:

> One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken,

> is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

RESTATEMENT (SECOND) OF TORTS § 416 (1965).

The inherently dangerous activity exception to the general rule that a landowner is not vicariously liable for the torts of an independent contractor does not apply in this case. The contract between Weld and Mr. Auen encompassed Mr. Auen preparing and painting exterior and interior portions of Weld's facility including a three-story enclosed stairwell. Mr. Auen was an independent contractor, and Weld had no control of the manner in which Mr. Auen chose to perform the contract. The activity of preparing and painting an enclosed stairwell did not involve some peculiar risk of physical harm, and Mr. Bowles's injuries did not arise as a direct result of the nature of the work. Instead, Mr. Auen created a new risk, not intrinsic in the work of painting an enclosed stairwell, when he decided to use a gasoline-powered power washer to remove old paint and dirt from the stairwell walls without providing for proper ventilation of the carbon monoxide fumes. Mr. Auen's negligence consisted solely of the improper manner in which he did the work. And Weld was not required to anticipate this collateral negligence. Exposure to carbon monoxide is not a special hazard intrinsic to the work of painting an enclosed stairwell that should have been anticipated by Weld. That Mr. Auen had previously used a gasoline-powered power washer to prepare exterior walls of Weld's buildings did not give rise to a finding that Weld should have contemplated that Mr. Auen would employ the same power washer in the enclosed stairwell without proper ventilation. Because the painting of an enclosed stairwell was not an inherently dangerous activity, Weld was not vicariously liable for the injuries Mr. Bowles sustained resulting from his exposure to carbon monoxide. The trial court, therefore, did not err in entering summary judgment in favor of Weld.

The judgment of the trial court is affirmed.

BRECKENRIDGE, P.J., and HOWARD, J. concur.