# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2988

_____

Brandy Shipp,                                   *
                                                *
                Appellant,                      *
                                                *    Appeal from the United States
        v.                                      *    District Court for the
                                                *    Western District of Missouri.
GfK NOP, LLC; Roper ASW,                        *
LLC; Roper Starch Worldwide,                    *    [UNPUBLISHED]
LLC,                                            *
                                                *
                Appellees.                      *


_____

Submitted: March 10, 2009
Filed: April 29, 2009
_____

Before GRUENDER, ARNOLD and BENTON, Circuit Judges.
_____

PER CURIAM.

Brandy Shipp ("Shipp") filed this wrongful death action in Missouri state court against GfK NOP, LLC; Roper ASW, LLC; and Roper Starch Worldwide, LLC (collectively, "GfK") in connection with the death of her mother, Summer Shipp, alleging that Summer Shipp worked as an independent contractor for GfK. GfK

removed the case to federal court and filed a motion to dismiss, which the district court[1] granted. Shipp appeals, and we affirm.

Summer Shipp was last seen on December 8, 2004, while she was conducting door-to-door surveys for GfK in Independence, Missouri. On October 9, 2007, Missouri law enforcement officials confirmed that they had located the remains of Summer Shipp along the banks of the Little Blue River in Independence, Missouri. The exact details of Summer Shipp's death and disappearance are unknown and remain under investigation.

On December 7, 2007, Shipp filed this wrongful death action asserting claims based on: (1) the special relationship exception to the general rule that a party is not liable for third-party criminal acts; (2) the special facts exception to that general rule; (3) general negligence; (4) sections 413 and 416 of the Restatement (Second) of Torts; (5) the inherently dangerous activity doctrine; and (6) the non-delegable duty doctrine. The district court granted GfK's motion to dismiss each of Shipp's six claims.

First, the district court dismissed Shipp's special relationship claim because she failed to plead that GfK voluntarily assumed a duty to protect Summer Shipp from the actions of third parties and the special relationship that Shipp pled—that of employer/independent contractor—did not impose a duty on GfK to protect Summer Shipp from the criminal actions of third parties. *See, e.g.*, *Phelps v. Bross*, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002) (holding that the special relationship exception applies if the "plaintiff entrusted himself or herself to the protection of the defendant and relied upon the defendant to provide a place of safety").

---

[1]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

Second, the district court dismissed Shipp's special facts claim because Shipp did not plead that Summer Shipp's death occurred on or near GfK's property and because Shipp's allegation that GfK sent Summer Shipp to a high crime area standing alone could not be a basis of liability. *See Miller v. South County Ctr., Inc.*, 857 S.W.2d 507, 510-11 (Mo. Ct. App. 1993) (explaining that the special facts exception may apply when "the attacker is unknown but, due to prior attacks on the premises, a duty arises to protect invitees because subsequent attacks now become foreseeable"); *Irby v. St. Louis Cab Co.*, 560 S.W.2d 392, 395 (Mo. Ct. App. 1977) (providing that "[t]he allegation of a 'high crime area' does not ispo facto mandate" a duty of care).

Third, the district court dismissed Shipp's general negligence claim because, in the absence of special facts or a special relationship, GfK had no duty to protect Summer Shipp from the criminal actions of third parties. *See Wright v. St. Louis Produce Mkt., Inc.*, 43 S.W.3d 404, 409-10 (Mo. Ct. App. 2001).

Fourth, the district court dismissed Shipp's claim based on sections 413 and 416 of the Restatement (Second) of Torts because independent contractors, as a matter of law, do not fall within the categories of "others" who are protected by those sections. Instead, sections 413 and 416 protect third parties who are not part of the employer/independent contractor relationship and not the independent contractor herself. *See Canady v. Crystal Dev. Corp.*, 756 S.W.2d 607, 610 (Mo. Ct. App. 1988) (explaining that sections 413 and 416 make the employer of an independent contractor liable to "others" when the work performed by the independent contractor is likely to create an unreasonable risk of harm to others).

Fifth, the district court dismissed Shipp's inherently dangerous activity doctrine claim because, even if that doctrine could be applied to a non-land owner, the doctrine does not apply to an independent contractor who was herself injured while performing

-3-

the contracted work. *See Lawrence v. Bainbridge Apartments*, 957 S.W.2d 400, 405 (Mo. Ct. App. 1997).

Sixth, the district court dismissed Shipp's non-delegable duty doctrine claim because she did not differentiate that claim from her inherently dangerous activity doctrine claim; thus, because her inherently dangerous activity doctrine claim failed, so must her non-delegable duty doctrine claim.

Shipp appeals the district court's dismissal of each of her claims, arguing that the district court misapplied the standard governing motions to dismiss. She contends that her pleadings set forth specific facts upon which relief could be granted on each claim and that the district court overlooked precedent supporting her claims.

"We review de novo a district court's decision to grant a motion to dismiss for failure to state a claim." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). "[W]e accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.), *cert. denied*, 555 U.S. ---, 129 S. Ct. 222 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). After a thorough review of the record, we agree with the district court that Shipp failed to state any claim upon which relief could be granted. For the reasons stated in the district court's well-reasoned opinion, we affirm. *See* 8th Cir. R. 47B.

_____